Good morning, Your Honors, and may it please the Court, my name is Alan Laskin. At page 76 of the Excerpts of Record under the Assault and Battery Exclusion, it states the failure to suppress or prevent assault and battery by any such person. That language is not the language contained in the Yee or the Zelda Opinions. The language in the Yee and Zelda of an assault and battery. Those are two totally different statements and have two totally different meanings. The failure to suppress or prevent would apply in a situation, for example, here, had this incident occurred at the Gorman home and Ms. Gorman stepped outside and saw the assault and battery taking case and she failed to do anything to stop it or prevent it, then this provision would apply. Could you tell me again where this is in the record? Yes, Your Honor. At page 76 of the Excerpts of Record. Okay. I got it. Thank you. Okay. The Assault and Battery Exclusion, B. Okay. But I'm confused. It does say it doesn't apply to bodily injury or property assault and battery committed by any insured, any employee of any insured or any other person. That's under sub A. Right. The sub B part is what the Respondents are relying on, Your Honor, in saying that the self-defense is still excluded under the policy. They're relying heavily on the Yee and Zelda cases to reach that conclusion. My point is that the Yee and Zelda cases are still excluded under the policy, but it's still an assault and battery case, and it's still an assault and battery case, and it's still an imperfect self-defense case, right? So it was assault and battery by any definition. Well, not if it's an imperfect self-defense, Your Honor. There was not two combatants. Isn't an imperfect self-defense still assault and battery? I don't think under the facts of this scenario. No, no, no. In California law, imperfect self-defense is a defense in a criminal case which can be pleaded only when there is an assault and battery to reduce the grade of mens rea as to culpability. But to say that assault but imperfect self-defense is not an assault and battery is a contradiction in terms. It can only occur where there's an assault and battery. But you've pleaded yourself out of the case by saying imperfect self-defense, perhaps. But I think if you look at the original complaint that the hand was negligibly reached out and struck. We don't have the original complaint before us. We have the complaint that you filed in the district court. And you say two different things. You say imperfect self-defense, which pleads an assault and battery occurred. And then later you refer to the underlying complaint and say it was negligently caused. That is an inconsistent pleading in a single count. California wouldn't allow that. Now, do you want to address whether you can do so in federal court? Can you plead inconsistently in the same count in federal court? Your Honor, I have to be frank with you. I don't know the answer to that question. I don't know either. That's why I'm asking. I don't know the answer to that question. This to me is what's confusing about the case. Okay? Taking off from where Judge Baya left off. The underlying complaint seems clearly to allege a negligence claim that at least on its face is something other than imperfect self-defense. It seems to be alleging essentially he just made a mistake and swung his hand around. Your current complaint with regard to the complaint against the insurance company either doesn't do that or does so inconsistently. So the question is what governs? Is it the original complaint because we're trying to find out whether there was a duty to defend? And if your current complaint is out of whack, do you get to amend or what? I mean, I think our premise is that the imperfect self-defense isn't going to fly. It's only going to be a pure negligence claim. And the question is whether there is one in this case. Well, then we have to go back and look at the original complaint, whether there was a duty to defend under the original claim. And in this case, I believe there was. Again, if you look at the language of this policy, there is no exclusion for acting in self-defense, as stated in the complaint. But that, well. And the question. If you want to argue it that way, go ahead. But my point is, is that then, again, the question is whether there was a duty to defend. Counsel, just a second. Let me ask you a question now. Yes. If the facts are that you're going to prove that Fred Maloney was waving his arms negligently and hit the plaintiff, the original plaintiff, in the face. That's one scenario. That's not self-defense. It can't be self-defense. It's negligent waving of arms, right? Correct. Right. If that's your theory, how can that be pleaded under a complaint which says imperfect self-defense? The two theories are completely separate. Then we should have been given an opportunity to amend the complaint. Now you're talking about something that has some promise. Then we should have been allowed the opportunity to amend the complaint, Your Honor, to fall in conformance and to trigger urgent. Did you request to amend the complaint whilst you were in the district court? We did not have the opportunity to argue, Your Honor. It was taken up and just ruled on the papers only. If you were to amend your complaint, what would you say? I would plead that there was an allegation of negligence. Come on. What facts? Oh, I'm sorry. What facts would I have pled? Yeah. That in response and without thinking because of the movement of Mr. Wharton, Mr. Maloney swung his hand and struck Mr. Wharton because of believing he was going to be sued. That's pretty close to what's on page 121 of the record here. Defendant Troy Maloney, without exercising due care, negligently reached out with his arm and hand, striking plaintiff in the face. Correct. That's the way I see it. Yes. That's the original complaint. That was the original complaint. All right. Now, what happened? That wasn't the complaint originally. And for a time the insurance company did defend. And at some point it stopped defending. Correct. And was that because it discovered my understanding is that the insurance company can discover facts that are so inconsistent with the allegations of the complaint as to determine that there's no way this case is going to be decided as a negligence case. Is that true as a matter of insurance law? Can the insurance company stop defending despite a negligence, a claim of negligence once it investigates the case and determines that no way there was this negligence? Well, see, that's the problem is we never got the chance in this action to do that investigation. I'm asking you a legal question now. Yes. The legal question is, if that happened, would the insurance company be within its rights to stop defending? If they had done a full and complete investigation and they determined at that point that there was no coverage because of what their investigation yielded, then the answer would be yes. Let me ask you this. Following up on what you were saying, you were going to allege if you only had the chance to amend, is that allegation that Wharton had committed an assault and battery on Maloney? Would it include that? Yeah. No. So your allegation would be that there was no assault and battery by Wharton on Maloney, and that would be very clever because a rising out of assault and battery would bar you regardless who started it. Right. So you would say that Wharton was making some moves and Maloney was perhaps negligent in making some moves, which he misinterpreted Wharton's moves, but it wasn't a fight. Correct. Something along that line. Correct. Okay. Okay. If you want to reserve some time. Yes, Your Honor. Thank you very much. Thank you very much. Good morning. Good morning. May it please the Court. Linda Sue for Defendant Scottsdale Insurance Company. If I may address the Court's questions about amending the complaint. We have already a complaint that clearly alleges that this altercation arose out of imperfect self-defense, which is a subspecies of assault and battery, and therefore the assault and battery exclusion would apply.  And the complaint, his complaint, to state a completely different set of facts. That wouldn't be so bizarre, though, because it is true that the original complaint in the underlying case, which is what this case is about, does allege straight negligence. That is true, Your Honor, and because we are here on an appeal following a motion to dismiss, I can tell you about what our investigation uncovered, but it might be outside the purview of what we're really here to talk about. My point is that if the plaintiff in this case tried to amend his complaint to now say, oh, no, there was an imperfect self-defense, my client was just waving his arms around and hit somebody in the face, that would be a sham pleading, because it's directly contrary to a pleading that he's already signed and filed with the Court. It's not a matter of pleading alternative theories. It's a matter of stating one set of facts, signing that pleading and returning it to the Court, and now being told, oh, well, that takes you out of coverage, so now you assert an entirely different pleading with an  Well, he'll have a Rule 11. If it isn't so and it demonstrably isn't so, he'll have a Rule 11 problem, and you can tell him that before he does it, right? In other words, there are sanctions for alleging something that there's no way to demonstrate. Well, I suppose so, but I don't know why we would go through that and it's been admitted. Well, if he's wise and he has no way to substantiate it, he won't do it, right? Well, I'm concerned because he just said he was going to do it, so, and if he did it, clearly it would be contrary to the facts that have been alleged in the complaint and argued in his briefs, so But the original complaint, the one that was filed in the underlying case, did have exactly those same inconsistent pleadings. Right, and that's why Scott still began by defending the case. And like I said, I could tell you that our investigation uncovered the fact that that's not at all what happened. Well, what are you relying on for your denial of coverage? Your investigation or some other pleadings that came after this pleading that I read to you a little bit ago? We're relying not only on that underlying pleading, but also on extrinsic evidence that we learned during our investigation. You're not relying on the pleading. Where on the record do we see that? Your Honor, you don't see it on the record because we're here on a motion to dismiss, so we were not allowed to bring in evidence of our investigation in opposing that motion to dismiss, we were just allowed to rely on the allegations and the pleadings brought by this plaintiff. So, if we went past today, we would be here on a, or maybe just in the court below, on a motion for summary judgment where we would have that evidence before the court. Did you request the district court to convert the 12B6 motion into a motion for summary judgment? No, I did not, Your Honor. In fact, as my co-counsel, or as my opposing counsel stated, there was not even an oral argument. The court just issued its decision. If I can do so now, though, I would like to, but I doubt I can. Your motion can't be ruled on by the three of us. Certainly. Well, it seems to me that as a matter of, we have a lot of law that says that defendants, I mean, plaintiffs shouldn't be dismissed unless they're given an opportunity to amend their complaint. At the same time, as I say, Rule 11 applies, and if he's going to submit a complaint that says something that he blatantly knows isn't so, there are sanctions for that. So that's probably the posture we're in, as far as I can tell. I certainly wouldn't suggest to counsel for the plaintiff that he prepare a meretricious pleading, because he would certainly be subject to Rule 11 sanctions if he did. That's true, Your Honor. Yeah, that's true. I just, I would again state that I, we can decide this right here, that it's been alleged in his complaint and in his moving papers that this was an imperfect self-defense case. Counsel, you would agree that in the underlying case, count one was negligence, count two was intentional action. Right. Totally contradictory pleading. Different counts, California, that was not demurrable. Correct? That's correct, Your Honor. And frankly, if this plaintiff would have, in our case, would have alleged, as Your Honor pointed out, that the facts were that he was waving his hands around and accidentally hit the other person, we wouldn't be standing here, because I think under that scenario, my client has a duty to defend until it can show extrinsic evidence, which it can. I know I'm not allowed to talk about that here, that that's not what happened. But we all know now, because of admissions and pleadings, that that's not what happened. Well, the problem is it's either admissions or pleading, or it's only one of two allegations. It just hasn't made the second one. In other words, if he can make inconsistent allegations in federal court, then the fact that it does so sequentially doesn't seem to me to be a problem. I suppose it's just unfortunate, Your Honor, that I can't delve into the true facts, and perhaps ---- Well, all right. But as we say, either he doesn't do it because he knows he can't sustain it, or he does do it and you file a motion for summary judgment with the facts that you have, and a motion for sanctions if it's severe enough. I mean, that seems to me to be the way one would ordinarily handle this. All right. Well, I appreciate your time in allowing me to present the argument on that, Your Honor. Thank you very much. Thank you very much. Your Honors, there's just only one small point I wish to address, because it was raised several times during counsel's argument, and that has to do with the issue of the basis for their denial in their investigation. And at page 28 of the excerpts of record, it says, in their denial letter, the revocation of coverage, the only thing it talks about in their coverage was what the police did. It does not explain to their insured, Gorman and Maloney, anything other than what the police investigation was. It also says, our investigation, they relied on what the police had to say, and it doesn't advise their insured of what their investigation revealed or resulted in which led to this decision. Who's their investigation? Scottsdale's investigation. Well, then you'll have that out if you amend your complaint, if you think you have the basis for doing so. Okay. Thank you very much, Your Honors. Thank you. Thank you.
judges: Berzon, Bea, Gibson